

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00056-CR

CHARLES DELONA BELLAMY II                                      APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

----------

## FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Charles Delona Bellamy II appeals his conviction for murder. In a sole issue, Appellant argues that the trial court erred by failing to give proper admonitory instructions after admitting gang-affiliation evidence at punishment. We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

Appellant was indicted for the murder of his two-year-old daughter, Jazmine Howard. *See* Tex. Penal Code Ann. § 19.02(b)(1) (West 2011). The evidence at trial showed that Jazmine died of severe burns after Appellant held her down in a tub of scalding water. Had Appellant immediately sought medical treatment for Jazmine, she would have recovered; however, Appellant waited until after Jazmine died to place her in the trunk of his car, where she later was discovered by her mother, grandmother, and uncle. Appellant testified that Jazmine's death was an accident and not intentional. He asserted that he drank most of a bottle of vodka the day of Jazmine's death, put Jazmine in the bathtub after she soiled her clothes, passed out, and woke up fifteen minutes later to find Jazmine floating in the bathtub. The jury found Appellant guilty of murder.

At the punishment phase of the trial, the State presented evidence that Appellant was a member of a criminal street gang in Oklahoma and that rival gang members twice had shot at his mother's house. The jury also heard evidence that Appellant previously had been placed on deferred adjudication community supervision for assault of a family member and that Appellant had failed to comply with the community-supervision conditions. The jurors also heard that, based on Appellant's age and Jazmine's mother's age at the time of Jazmine's birth, Appellant had committed sexual assault of a child. The jury assessed Appellant's punishment at fifty-five years' confinement and a $5,000 fine.

2

Appellant appeals and asserts that the trial court reversibly erred by failing to give admonitory instructions regarding the admitted gang-affiliation evidence. Specifically, Appellant argues that the trial court did not inform the jury that it could only consider the gang-affiliation evidence as it related to Appellant's character or reputation.  We conclude that Appellant has forfeited this complaint on appeal.  Appellant did not object to the admission of the gang-affiliation evidence on the grounds he now raises and did not request the limiting instruction he now states the trial court should have given.  *See* Tex. R. App. P. 33.1(a)(1); *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012).  The only objections Appellant voiced at trial were that the gang-affiliation evidence was not relevant and was not based on the witness's personal knowledge.  Appellant never brought to the trial court's attention the fact that he believed that the jury should have been instructed that the gang-affiliation evidence could only be considered in the context of his character or reputation.  Any error, therefore, was forfeited, and we overrule Appellant's sole issue.

Having overruled Appellant's issue, we affirm the trial court's judgment.

PER CURIAM

PANEL:  GABRIEL, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  September 19, 2013

3